IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE ALTER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C. A. NO. 5:17-cv-863 |
| | § | |
| UNITED OF OMAHA LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, United of Omaha Life Insurance Company ("United of Omaha") files this Notice of Removal, and would respectfully show as follows:

**Procedural Background**

1. United of Omaha is party to an action commenced against it by Plaintiff George Alter in the 438th Judicial District Court of Bexar County, Texas, captioned as Cause No. 22017-CI-13831; *George Alter v. United of Omaha Life Insurance Company* (the "state action"). True copies of all process, pleadings and orders served on United of Omaha in the state action are attached hereto as Exhibit "A" with an index of same.

2. United of Omaha was served with Plaintiff's Original Petition in the state action (the "Petition") on August 8, 2017. Thus, this Notice of Removal is timely filed.

**Diversity Jurisdiction**

3. Removal is proper as there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

4. Plaintiff is a resident of Bexar County, Texas. *See* Exhibit A-2: Petition, ¶ 2.

5. Defendant United of Omaha is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

6. The facts alleged in Plaintiffs' Original Petition demonstrate by a preponderance of the evidence that Plaintiffs' claim exceeds $75,000. The Fifth Circuit has instructed trial courts to accept diversity jurisdiction unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Where, as here, a case is one that has been removed from state court, the removing party may establish the amount in controversy in either of two ways: "(1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy, preferably in the removal petition … that support a finding of the requisite amount." *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

7. In the Petition, Plaintiff contends that United of Omaha is liable for breach of contract because it required him to pay additional premiums in order to keep Preferred Universal Life Insurance Policy No. UA680793 (the "Policy") in force. *See* Petition, ¶¶ 5-10. As alleged by Plaintiff, he seeks monetary relief of "more than $200,000 but less than $1,000,000." *Id.* ¶ 1.

8.      As alleged by Plaintiff, Policy premiums were increased by $10,000 per year.[1] *Id.*, ¶¶ 8, 10. Plaintiff alleges further that United of Omaha made false and misleading statements about the Policy in violation of the Texas Insurance Code and Deceptive Trade Practices Act. *Id.* ¶¶ 10-11. He seeks payment of enhanced damages under the DTPA, statutory interest under the Insurance Code at the rate of 18%, and statutory attorney's fees. *Id.* ¶¶ 10-12.

9.      Statutory damages, attorneys fees, and interest under the Texas Insurance Code "must be included in calculating the amount in controversy" for the purpose of diversity jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). Thus, although Mutual of Omaha denies that Plaintiff is entitled to such relief, it is apparent from the face of the Petition that Plaintiff's claims exceed $75,000 for purposes of diversity jurisdiction. Therefore, because Plaintiff's claims for damages potentially exceed the jurisdictional amount, this Court may exercise diversity jurisdiction over this case.

10.     Accordingly, this matter may properly be removed by United of Omaha to the United States District Court for the Western District of Texas, San Antonio Division.

**Notice Given**

11.     United of Omaha has given notice of this Removal to Plaintiffs and to the 438th Judicial District Court of Bexar County, Texas.

WHEREFORE, Defendant United of Omaha Life Insurance Company prays that this action be removed to the United States District Court for the Western District of Texas, San Antonio Division, from the 438th Judicial District Court of Bexar County, Texas.

---

[1] Defendant expressly denies Plaintiff's claims. However, the facts placed into controversy by Plaintiff at this time require a review of the Petition to determine whether it is facially apparent that the claim likely exceeds $75,000. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

        Respectfully submitted,

        **WILSON, ELSER, MOSKOWITZ,**
           **EDELMAN & DICKER, LLP**

By:   */s/ Linda P. Wills*
       Linda P. Wills
       State Bar No. 21661400
       Linda.Wills@WilsonElser.com
       Marjorie L. Cohen
       State Bar No. 24031960
       Marjorie.Cohen@WilsonElser.com
       909 Fannin, Suite 3300
       Houston, Texas 77010
       Telephone:  (713) 353-2000
       Facsimile:  (713) 785-7780

**ATTORNEYS FOR DEFENDANT**
**UNITED OF OMAHA LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 6th day of September, 2017.

***Via CMRRR 9414 7266 9904 2053 6710 65***
William P. Germany
**BAYNE, SNELL & KRAUSE**
1250 N.E. Loop 410, Suite 725
San Antonio, TX 78209

        */s/ Marjorie L. Cohen*
        **Marjorie L. Cohen**